UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TIMOTHY DEBRITTO, | : |
|     Plaintiff, | : |
| | : |
| v. | :    C.A. No. 22-188WES |
| | : |
| PATRICIA COYNE-FAGUE, et al., | : |
|     Defendants. | : |

### REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se*[1] Plaintiff Timothy DeBritto is a prisoner held in Maximum Security at Rhode Island's Adult Correctional Institutions ("ACI") serving a forty-year sentence for Murder II with a good time release date of June 14, 2052.[2] He has filed a Complaint against various Rhode Island officials[3] alleging that, as a Maximum Security prisoner, he has been denied access to vocational and rehabilitation programming. Plaintiff purports to sue on behalf of himself and two other prisoners (Victor Tavares and Eric Neufville), although only Mr. Tavares is mentioned in body of the Complaint, which alleges that he too has been held in Maximum Security. Neither Mr. Tavares nor Mr. Neufville signed the pleading.

Plaintiff originally accompanied his Complaint with an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. This IFP application was referred to me for review, which triggered the obligation to screen the Complaint. Tavares v. Coyne-Fague, C.A. No. 19-

---

[1] I have leniently reviewed Plaintiff's allegations and legal claims because they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

[2] See Rhode Island v. DeBritto, Case No. P1-2013-0725CG, Judgment of Conviction (Mar. 14, 2014); State of Rhode Island Department of Corrections Inmate Search, www.doc.ri.gov/inmate-search (last visited July 11, 2022).

[3] As Defendants, Plaintiff names Rhode Island Governor Daniel McKee in his official capacity and three senior officials of the Rhode Island Department of Corrections, Patricia Coyne-Fague, Lynne Corry, Barry Weiner and Linda Amado, in their individual and official capacities.

419WES, 2019 WL 3976012, at *1 (D.R.I. Aug. 22, 2019), appeal dismissed, No. 19-2190, 2020 WL 2703658 (1st Cir. Mar. 20, 2020). I had performed that task and was about to issue this screening report and recommendation when Plaintiff paid the Court's filing fee, based on which the IFP motion is denied as moot. Payment of the filing fee does not moot my duty to preliminarily screen Plaintiff's pleading. Because Plaintiff is a prisoner, he is subject to the provisions of the Prison Litigation Reform Act, which requires the Court to screen prisoner complaints and to dismiss any claim that is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1); Barnett v. Massachusetts, Civil Action No. 13-10038-DPW, 2013 WL 210616, at *2 (D. Mass. Jan. 17, 2013) (when claimant is prisoner, court should "dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief").

For the reasons that follow, I find that the Complaint fails to state a viable federal law claim, that the Court lacks subject matter jurisdiction to entertain Plaintiff's state law claims and that the Complaint lacks factual allegations sufficient to state plausible federal claims against each of the named Defendants. Accordingly, I recommend that the case be dismissed.

**I.      Background**

Plaintiff alleges that he has been held at Maximum Security since 2012 and has repeatedly tried to enroll in educational and vocational programs. ECF No. 1-1 at 2. Each such request has been denied, rebuffed or outrightly rejected. Id. at 2-3. Citing R.I. Gen. Laws § 42-56-1, he asserts (correctly) that Rhode Island law provides that rehabilitation is a goal of the correction process. Further, R.I. Gen. Laws § 42-56-19 requires the Department of Corrections to have an educational and vocational training unit whose duty is "to determine the needs and the

aptitude of [each person imprisoned at the ACI] to furnish the means that shall be best designed to effect the rehabilitation." Plaintiff alleges that "Maximum Security at the Rhode Island department of corrections has no training programs (vocational) and has nothing to offer but near complete Idleness and full dehabilitation." ECF No. 1-1 at 6. Because the ACI offers "educational options to a select few, and [ ] no vocational training is available," id. at 4, to him as a prisoner in Maximum Security, Plaintiff claims that Defendants have violated various provisions of chapter 56 of Title 42 of the Rhode Island General Laws, as well as deprived him of his rights under the Eighth and Fourteenth Amendments of the United States Constitution.

## II.     Standard of Review

Section 1915A of Title 28 requires a federal court to dismiss an action brought by a prisoner if the court determines, taking all allegations as true and having drawn all reasonable inferences in favor of the claimant, Estelle v. Gamble, 429 U.S. 97 (1976), that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915A(b)(1). The standard for dismissal of an action at screening is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). That is, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.    Applicable Law and Analysis

    1.     <u>Claim of Denial of Access to Programming</u>

The Fourteenth Amendment's Due Process Clause provides that a state shall not deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV.

Plaintiff alleges that Defendants deprived him of a liberty interest by refusing to allow him to participate in educational and rehabilitative programming.  However, it is well settled that the ability to participate in a rehabilitative or educational prison program does not implicate a liberty interest.  See, e.g., Washington v. Borejon, 324 F. App'x 741 (10th Cir. 2009); Stanley v. Litscher, 213 F.3d 340, 342 (7th Cir. 2000); Fiallo v. De Batista, 666 F.2d 729, 730-32 (1st Cir. 1981).  "[T]here is no federal constitutional right to rehabilitative training or treatment and as a result there is no violation of [plaintiff's] civil rights based upon such a constitutional right." Morales Montáñez v. Puerto Rico, Civil No. 08-1945 (FAB)(JA), 2009 WL 1617929, at *5 (D.P.R. May 29, 2009).  Nor can Plaintiff rely on the Equal Protection Clause of the Fourteenth Amendment simply because programming is not available to prisoners in Maximum Security, while prisoners classified differently, for example in Minimum Security, may access it.  Such a claim fails because there is a rational basis for different treatment of inmates classified differently in regards to programing.  See, e.g., Canseco v. Spearman, No. 2:17-CV-1133 DB P, 2018 WL 347794, at *6 (E.D. Cal. Jan. 9, 2018) (differing access to programing by prisoners with differing security classifications "fails[s] to state an Equal Protection claim upon which relief may be granted"); Linton v. O'Brien, 142 F. Supp. 3d 215, 219-20 (D. Mass. 2015) (dismissing equal protection claim based on denial of programs to prisoners in close confinement; where "DOC has limited resources to allocate to rehabilitative educational programs, and there is a rational basis for its different treatment of inmates in [close confinement,] . . . Court will not use the Equal Protection Clause to second-guess the DOC's policy decisions").  Finally, Plaintiff's Eighth Amendment claim based on the denial of access to programs is without merit.  Moore v. Weeden, C.A. No. 09-434 S, 2010 WL 737655, at *4 (D.R.I. Mar. 1, 2010) ("to the extent that plaintiff may be claiming that the failure to provide him

access to rehabilitative programming amounts to a deprivation of essential treatment in violation of the Eighth Amendment, he is mistaken") (citing Fiallo, 666 F.2d at 731); Quinones v. Miner, No. CA 06-136, 2006 WL 1371645, at *5 (D.R.I. May 18, 2006).  Therefore, none of Plaintiff's federal claims are viable and all should be dismissed.  See Ashker v. Schwarzenegger, No. C 05-03286 CW, 2009 WL 801557, at *19–20 (N.D. Cal. Mar. 25, 2009), aff'd, 465 F. App'x 718 (9th Cir. 2012) ("summary judgment is granted in favor of Defendants on the due process and equal protection claims based on lack of access to programs").

In addition to invoking the Eighth and Fourteenth Amendments of the Constitution, Plaintiff states his claim under Rhode Island law, specifically alleging that Defendants' failure to provide rehabilitative programming violates various provisions of chapter 47 of Title 42 of the Rhode Island General Laws.  However, the essential element of diversity of citizenship between Plaintiff and Defendants is missing in this case.  ECF No. 1-2.  With no viable claim arising under federal law and no diversity of citizenship between the parties, the Court lacks subject matter jurisdiction over Plaintiff's state law claims.  See 28 U.S.C. §§ 1331, 1332; Randall v. Brosco, C.A. No. 18-69WES, 2018 WL 3133427, at *1 (D.R.I. Mar. 19, 2018), adopted, 2018 WL 3128988 (D.R.I. June 26, 2018) ("complaint . . . dismissed because the Court lacks jurisdiction to consider a state law claim asserted by one citizen of Rhode Island against another").  Therefore, these claims too must be dismissed, albeit without prejudice.

In addition to these fatal deficiencies, as to the named Defendants, the pleading fails to comply with Fed. R. Civ. P. 8(a), which requires that it must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555, because it does not "set forth minimal facts as to who did what to whom, when, where and why." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  This

Complaint has nothing more than conclusory statements – "Defendants have refused to allow, and provide the Plaintiff's with means to effectually rehabilitate and become law-abiding and productive members of society" and "Defendants . . . are acting as confederates in a conspiracy to debilitate the Plaintiffs." ECF No. 1-1 at 4. It is devoid of actual facts plausibly describing the allegedly actionable (under the United States Constitution or federal law) conduct or omissions committed by each of them. If the District Court does not adopt my recommendation of dismissal for failure to state a claim and lack of subject matter jurisdiction, the Complaint should nevertheless be dismissed, albeit with leave to amend, to cure this deficiency to the extent that Plaintiff can marshal sufficient facts to state a plausible claim as to each named Defendant. See Iqbal, 556 U.S. at 666 ("complaint alleg[ing] that [officials named] adopted an unconstitutional policy that subjected respondent to harsh conditions of confinement" dismissed for failure "to plead sufficient facts to state a claim for purposeful and unlawful discrimination against [each of them]").

    2.    <u>Claims of Tavares and Neufville</u>

Although their substantive claims suffer from the same deficiencies described above – failure to state a viable claim under the United States Constitution, lack of subject matter jurisdiction over state law claims and lack of facts to support plausible federal claims against the named Defendants – the claims of Tavares and Neufville are also subject to dismissal because they have not been properly asserted. Nor have they paid the filing fee or applied for IFP status.

A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Because it is a "pleading," the complaint "<u>must be signed</u> by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis added). Because Tavares and Neufville did not sign the Complaint, as to them, it is not a pleading commencing a civil action. That is, neither of

them has initiated a case on his own behalf. And to the extent that Plaintiff purports to bring this case for them in a representative capacity, their claims must be dismissed because Plaintiff is barred from representing the interests of another person. Nickerson v. Providence Plantation, C.A. No. 19-00030-WES, 2019 WL 720703, at *4 (D.R.I. Feb. 20, 2019) ("[i]ndividuals appearing *pro se* cannot adequately represent and protect the interests of a Rule 23 class"), adopted by text order (D.R.I. Nov. 19, 2019), appeal docketed, No. 21-1444 (1st Cir. June 7, 2021); Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005) (*pro se* plaintiff not allowed to represent proposed class because he is not attorney and cannot adequately represent class members). This principle is consistent with the applicable federal statute. See 28 U.S.C. § 1654 ("[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"). It is also memorialized in the Court's Local Rules. DRI LR Gen 205(a)(2); see Munir v. R.I. Supr. Ct., C.A. No. 22-39MSM, 2022 WL 669699, at *3 (D.R.I. Mar. 7, 2022), adopted sub nom., Munir v. R.I. Supr. Ct. Corp., 2022 WL 844233 (D.R.I. Mar. 22, 2022).

### IV.     Conclusion

Based on Plaintiff's payment of the filing fee, the IFP motion (ECF No. 2) has been denied by text order as moot. However, based on the foregoing analysis, I recommend that Plaintiff's Complaint (ECF No. 1) be summarily DISMISSED for failure to state any legally viable claims arising under the Constitution or laws of the United States and (without prejudice) for lack of subject matter jurisdiction to consider Plaintiff's state law claims. I further recommend that the Court dismiss without prejudice the claims of Victor Tavares and Eric Neufville because they did not sign the complaint and their claims have not been properly

asserted.  Alternatively and only if the preceding recommendations are not adopted, I recommend that the Court dismiss the Complaint with leave to amend because Plaintiff has failed to plead facts plausibly stating a federal claim against each named Defendant.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 11, 2022